**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON PEREZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MONTGOMERY COUNTY and** | : | |
| **JULIO M. ALGARIN** | : | **No. 06-2406** |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, S.J.** **JULY 8, 2008**

Defendants move to dismiss plaintiff's claims as barred by the statute of limitations. For the reasons set out below and notwithstanding plaintiff's counsel's excellent arguments, the motion to dismiss will be granted.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Jason Perez was born on March 12, 1986.[1] In 2002, when he was sixteen years old, Perez was arrested and sentenced to serve time in a youth center. In March 2003, when Perez was seventeen and still a juvenile, he was arrested and placed in the Montgomery County Correctional Facility ("MCCF"). In May or early June of 2003, Perez was arrested, convicted, and placed in MCCF for two months. In October 2003, Perez was again arrested and placed in MCCF until February 2004, with at least two months of his sentence spent in general population. While in MCCF, Perez was involved in several altercations which led to physical injuries. On March 12, 2004 Perez reached the age of majority. Perez alleges that he first learned that he had

---

[1] Defendants contend that publicly available records show Perez was born March 12, *1985*. On a motion to dismiss the court accepts as true all factual assertions in the complaint, but whether Perez was born in 1985 or 1986 is irrelevant to the analysis of the statute of limitations issue.

suffered a legal injury by being placed in an adult prison sometime in September 2005.[2]

Contending that federal and Commonwealth statutes mandate that juveniles not be placed in the same facilities with adult offenders, Perez, filing this action on June 7, 2006, asserted jurisdiction under 42 U.S.C. § 1983. He claims he had a liberty interest in not having been incarcerated with adult offenders as a juvenile and asserts violations of his Substantive and Procedural Due Process rights and of the Juvenile Justice and Delinquency Prevention Act, 42 U.S.C. § 5633(a). He initially asserted a supplemental cause of action under 42 Pa. C.S. § 6352; that claim was voluntarily withdrawn at oral argument. Perez seeks: (1) a declaratory judgment that the actions of the defendants were illegal; (2) compensatory and punitive damages; (3) costs and fees; and (4) other relief.

Defendants move to dismiss all claims as barred by the applicable two-year statute of limitations.

## II. DISCUSSION

Section 1983 claims are subject to the state statute of limitations for personal injury actions. *See, e.g., Bougher v. University of Pittsburgh*, 882 F.2d 74, 79 (3d Cir. 1989). In Pennsylvania, the statute of limitations for a personal injury claim is two years. 42 Pa.Cons.Stat.Ann. § 5524. The Pennsylvania minority tolling statute provides that when an individual is a minor at the time his cause of action accrues, the period of minority will not be deemed a portion of the time period within which the action must be commenced. Instead, the statute of limitations begins to run on the date the individual attains eighteen years of age. 42

---

[2] At oral argument, Perez's counsel informed the court that sometime in September, 2005 Perez's uncle broached the issue of whether Perez's confinement with adults when he was a minor was actionable.

Pa.C.S. § 5533(b)(1)(i)-(ii). Perez became eighteen in March, 2004, so the statute had run in March, 2006; he instituted this action in June, 2006.

Perez argues that notwithstanding the expiration of the statutory period this action should be allowed to proceed because there is equitable tolling under the discovery rule. In *Mest v. Cabot Corp.,* 449 F.3d 502, 510 (3d Cir. 2006), the Court of Appeals stated:

> "[T]he discovery rule tolls the accrual of the statute of limitations when a plaintiff is unable, *despite the exercise of due diligence*, to know of the injury or its cause. . . . The discovery rule focuses not on the plaintiff's actual knowledge, but rather on whether the knowledge was known, or through the exercise of diligence, knowable to the plaintiff. A plaintiff therefore is obligated to exercise reasonable diligence in ascertaining the existence of the injury and its cause. . . . Moreover, the plaintiff attempting to apply the discovery rule bears the burden of demonstrating that he exercised reasonable diligence in determining the existence and cause of his injury. To demonstrate reasonable diligence, a plaintiff must establish that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others.

*Id.* at 511 (internal citations omitted) (emphasis in original). Plaintiff's assertion that the discovery rule tolls the statute of limitations in this action is without merit; his argument that he was not aware until September 2005 that his incarcerations with adults were actionable is insufficient to meet the due diligence standard. Through the exercise of due diligence, the presence of an injury was knowable to Perez at the moment of his first incarceration, when he was represented by counsel. Perez was aware he was a minor and was aware he was incarcerated with adults. Nothing in the pleadings suggests that Perez exercised reasonable diligence in attempting to ascertain whether his incarceration with adults was proper; he apparently asked neither his counsel nor his family to investigate the matter. When he was allegedly attacked while in the adult population at MCCF he did not institute a personal injury action, at which time he could surely have learned that he was improperly incarcerated with adults. In sum, Perez

failed to exercise any diligence at all with regard to his legal rights.

The discovery rule is inapplicable to the facts of this action. The two-year statute of limitations has run as to the claims Perez asserts in his complaint; Perez has failed to state a claim under § 1983. Defendants' motion to dismiss will be granted.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON PEREZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MONTGOMERY COUNTY and** | : | |
| **JULIO M. ALGARIN** | : | **No. 06-2406** |

**ORDER**

**AND NOW**, this 8th day of July, 2008, after consideration of defendants' motion to dismiss and after oral argument on July 7, 2008 at which counsel for all parties were heard, it is **ORDERED** that:

1. With the consent of counsel, defendants Montgomery County Correctional Facility; Julio M. Algarin in his official capacity; and the Montgomery County Correctional Facility Board of Prison Inspectors are **DISMISSED**; Count IV of Perez's complaint is voluntarily **WITHDRAWN**.

2. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (paper no. 20) is **GRANTED.**

/s/ Norma L. Shapiro
S.J.